**HILL, FARRER & BURRILL LLP**
Daniel J. McCarthy (Bar No. 101081)
300 South Grand Avenue, 37th Floor
Los Angeles, CA  90071-3147
Telephone:  (213) 620-0460
Fax:  (213) 624-4840
dmccarthy@hfbllp.com

Attorneys for Defendants, Counterclaimants,
Cross-Complainants and Counterdefendants
ELKWOOD ASSOCIATES, LLC, and
FIELDBROOK, INC., and
Counterdefendants RELIABLE
PROPERTIES and JACK NOURAFSHAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| In re<br><br>SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR,<br>Debtors. | D. Ct. Case No.  2:19-cv-09915-JFW<br><br>Chapter 7<br>Jointly Administered |
| In re:<br>SOLYMAN YASHOUAFAR,<br><br>Debtor. | BK Case No. 1:16-bk-12255-GM<br>Chapter 7 |
| In re:<br>MASSOUD AARON YASHOUAFAR,<br><br>Debtor. | BK Case No. 1:16-bk-12408-GM<br>Chapter 7 |
| Affects:<br>☑  Both Debtors<br>☐  Solyman Yashouafar<br>☐  Massoud Aaron Yashouafar | |
| DAVID K. GOTTLIEB, as Chapter 11 Trustee for Massoud Aaron Yashouafar and Solyman Yashouafar,<br>Plaintiff,<br>vs.<br><br>ELKWOOD ASSOCIATES, LLC, FIELDBROOK, INC., CITIVEST FINANCIAL SERVICES, INC., ISRAEL ABSELET, HOWARD ABSELET, et al.,<br>Defendants. | BK Adv. No. 1:17-ap-01040-MT<br><br><br>**NOTICE OF MOTION AND MOTION TO VACATE DECEMBER 10, 2019 MINUTE ORDER, JUDGMENT AND FINDINGS OF FACT AND CONCLUSIONS OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL J. McCARTHY** |

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1

1

2

3

4

5 | AND RELATED CROSS-ACTIONS

6

**DATE:   February 10, 2020**
**TIME:   1:30 p.m.**
**PLACE:  Courtroom 7A**
**        350 West 1st Street**
**        Los Angeles, CA 90012**

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

7   **TO:   THE HONORABLE JOHN F. WALTER, UNITED STATES**

8         **DISTRICT COURT JUDGE, AND TO ALL PARTIES IN**

9         **INTEREST AND THEIR ATTORNEYS OF RECORD:**

10        **PLEASE TAKE NOTICE** that on February 10, 2020, at 1:30 p.m. in

11  Courtroom 7A of the United States District Court located at 350 West 1st Street,

12  Los Angeles, California 90012, Defendants, Counterclaimants, Cross-Complainants

13  and Counterdefendants ELKWOOD ASSOCIATES, LLC, and FIELDBROOK,

14  INC., and Counterdefendants RELIABLE PROPERTIES and JACK

15  NOURAFSHAN (the "Elkwood Parties") will move, and hereby do move, to

16  vacate the Court's December 10, 2019 minute order, judgment and findings of fact

17  and conclusions of law ("FF&CL") in this action (collectively, the "December 10

18  Rulings") and that the Court approve the stipulation in that regard that the parties

19  filed on December 18, 2019.  [Docket no. 13]  This Motion will be brought

20  pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and the inherent

21  authority of the Court.

22        This Motion is made following the conference of counsel pursuant to L.R. 7-

23  3 which took place on December 13, 2019.

24        A joint statement by the parties pursuant to paragraph 5(b) of this Court's

25  Standing Order [docket no. 3] has not been filed by which the parties summarize

26  their respective positions regarding this Motion because the parties are not in

27  disagreement.  Instead, as a result of the December 13, 2019 conference, the parties

28  already have agreed upon the relief request by this Motion pursuant to the

2

1   stipulation and proposed order that were filed on December 18, 2019.  [Docket no.
2   13, Exh. E hereto]  That stipulation states the parties' positions.

3       This Motion is being filed because (1) the Court has not yet ruled on the
4   stipulation that the parties filed on December 18, 2019, in order to avoid the
5   necessity of this motion,. and (2) the 28 day deadline to file this Motion runs on
6   January 7, 2020, so the Elkwood Parties seek to preserve their right to the relief
7   requested by this Motion, which was stipulated to by the parties.

8       The Court's December 10, 2019 minute order noted that on December 3,
9   2019, the Elkwood Parties had filed a notice of intention to file a motion objecting
10  to entry of the judgment and FF&CL that had been recommended in the Report and
11  Recommendation from the Bankruptcy Court, but that the Elkwood Parties had not
12  yet filed an objection to the recommended Judgment and FF&CL and that their 14-
13  day deadline to do so had passed under Federal Rule of Bankruptcy Procedure
14  9033(b), so the Elkwood Parties had waived their right to object.  Thus, the Court's
15  minute order stated that it had conducted a *de novo* review of the recommended
16  Judgment and FF&CL and that they should be entered, which the Court did.

17      As explained in the attached memorandum, the Elkwood Parties had in fact
18  objected to the proposed Judgment and FF&CL in opposing the Trustee's motion
19  for approval of the proposed Judgment and FF&CL, which were in the form
20  recommended to this Court, but this Court evidently was unaware of that when it
21  issued its December 10 Rulings.

22      While the requirements of Rule 9033(b) had been met in the Bankruptcy
23  Court, the Elkwood Parties then needed to follow this Court's rules and procedures
24  in filing a motion with this Court seeking *de novo* review of the recommended
25  Judgment and FF&CL.  There, however, is no deadline under applicable rules or
26  statutes to file such a motion in District Court once the Bankruptcy Court's Report
27  and Recommendation has been transmitted to the District Court.

28      Despite the lack of a deadline to file the motion in this Court, shortly after

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

3

1    learning on November 25, 2019, that the Bankruptcy Court's Report and
2    Recommendation had been filed with the District Court on November 19, 2019, the
3    Elkwood Parties' counsel (1) immediately drafted a motion to object to entry of the
4    recommended Judgment and FF&CL; (2) arranged a meet and confer regarding that
5    intended motion, which occurred on December 6, 2019, to comply with Local Rule
6    7-3, before the motion could be filed seven days later on December 13, 2019; and
7    (3) prepared and revised a joint ex parte application between December 9 and 12,
8    2019, by which the parties intended to request that Court establish the appropriate
9    procedure to present the Elkwood Parties' opposition to entry of the recommended
10   Judgment and FF&CL.  That application was mooted when the Court issued its
11   December 10 Rulings and gave electronic notice of them on December 11, 2019, so
12   the Trustee refused to proceed with it.

13        This Motion will be based upon this notice of motion, the attached
14   memorandum of points and authorities and declaration, the Court's files in this
15   action, the Bankruptcy Court's files in the underlying adversary proceeding, and
16   such other evidence and arguments of counsel that may be presented.

17        Opposition, if any, to the Motion, is required to be filed and served at least 21
18   days prior to the hearing on the Motion.

19   DATED: January 6, 2020          **HILL, FARRER & BURRILL LLP**

20

21                                   By: /s/ Daniel J. McCarthy
22                                      DANIEL J. McCARTHY
                                        Attorneys for Defendants, Counterclaimants,
                                        Cross-Complainants and Counterdefendants
23                                      ELKWOOD ASSOCIATES, LLC, and
                                        FIELDBROOK, INC., and Counterdefendants
24                                      RELIABLE PROPERTIES and JACK
                                        NOURAFSHAN
25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................. 1
     A.   Prefatory Statement ................................................. 1
     B.   Procedural Background ........................................... 1
     C.   Summary of Argument ........................................... 6
II.  ARGUMENT ................................................................... 8
     A.   The Parties Have Stipulated to the Relief Requested by this
          Motion ..................................................................... 8
     B.   The December 10 Rulings Should Be Vacated Because the
          Elkwood Parties Had Previously Objected to the Proposed
          Judgment and FF&CL............................................. 8
     C.   If the Elkwood Parties' Prior Objections to the Proposed
          Judgment and the Proposed Findings and Conclusions Are Not
          Deemed to Have Satisfied Rule 9033(b), the Elkwood Parties
          Request Relief from the December 10, 2019 Rulings ......... 10
III. CONCLUSION ............................................................. 11

1
2

# **TABLE OF AUTHORITIES**

3

**Page(s)**

4

**Federal Cases**

5
6

*Allstate Ins. Co. v. Herron,*
    634 F.3d 1101 (9th Cir. 2011) ................................................................... 9

7
8

*Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.,*
    690 F.2d 1240 (9th Cir.1982) ................................................................... 9

9
10

*Kingsvision Pay–Per–View Ltd. v. Lake Alice Bar,*
    168 F.3d 347 (9th Cir. 1999) ................................................................. 10

11
12

*McDowell v. Calderon,*
    197 F.3d 1253 (9th Cir. 1999) ................................................................. 8

13

**Rules**

14

Federal Rule of Bankruptcy Procedure 9033(b) ......................... 2, 4, 7, 10

15

Federal Rule of Civil Procedure 12(b)(6) .................................................. 2

16

Federal Rule of Civil Procedure 59(e) .............................................. *passim*

17

Federal Rule of Civil Procedure 60(b) ...................................................... 7

18
19

Federal Rule of Civil Procedure 60(b)(1) ............................................ 7, 10

20

Federal Rule of Civil Procedure 60(b)(6) ............................................ 7, 10

21

Local Rule 7-3 ............................................................................ 3, 4, 5, 7

22

**Other Authorities**

23
24

11 Charles Alan Wright *et al.*, *Federal Practice and Procedure*
    § 2810.1 (2d ed. 1995) ............................................................................. 8

25
26

11 Wright & Miller, *Fed. Prac. & Proc. Civ.*
    § 2810.1 (3d ed.) ...................................................................................... 9

27
28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HILL, FARRER & BURRILL LLP<br>A LIMITED LIABILITY PARTNERSHIP<br>ATTORNEYS AT LAW<br>ONE CALIFORNIA PLAZA, 37TH FLOOR<br>300 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-3147

**MEMORANDUM OF POINT AND AUTHORITIES**

**I.   INTRODUCTION**

    **A.   Prefatory Statement**

       This Motion should be easily resolved by the Court entering the order that was filed with the parties' stipulation that was agreed upon to avoid the necessity of this Motion.  The stipulation and order were filed on December 18, 2019.  [Docket no. 13, Exh. E hereto]  This Motion is being filed before the 28-day deadline of Federal Rule of Civil Procedure 59(e) to protect the moving parties' rights.

    **B.   Procedural Background**

       On October 4, 2019, plaintiff David K. Gottlieb, trustee (the "Trustee") filed "Plaintiff's Motion for Issuance of a Report and Recommendation Re Judgment on First Claim for Relief (Quiet Title)" (the "Trustee's Motion") with the Bankruptcy Court in adversary proceeding no. 1:17-ap-01040-MT (the "Adversary Proceeding") [docket no. 276] pursuant to a briefing schedule set by the Bankruptcy Court at hearing on September 17, 2019.  That motion proposed a Judgment on the Trustee's first claim and related findings of fact and conclusions of law ("FF&CL").  [McCarthy Decl., ¶ 4, Exh. A hereto]

       On October 18, 2019, Elkwood Associates, LLC, Fieldbrook, Inc., Reliable Properties and Jack Nourafshan (the "Elkwood Parties") filed their Opposition to the Trustee's Motion, thereby objecting to the Judgment and FF&CL that were proposed by the Trustee for recommendation to the District Court.  [Docket no. 281]  [McCarthy Decl., ¶ 5, Exh. B hereto]

       On October 25, 2019, the Trustee filed his reply in support of the Trustee's Motion.  [Docket no. 282]  [McCarthy Decl., ¶ 6]

       The Bankruptcy Court took the Trustee's Motion under submission and on November 13, 2019, the Bankruptcy Court issued its Report and Recommendation in the Adversary Proceeding by which it recommended that the District Court enter the proposed Judgment and the proposed FF&CL in the exact same form as

-1-

1  requested by the Trustee, to which the Elkwood Parties had specifically objected.

2  [Docket no. 283]  [McCarthy Decl., ¶ 7]

3      The recommended Judgment and FF&CL rejected objections to legal

4  conclusions that the Elkwood Parties already had directly and expressly objected to

5  in their opposition to the Trustee's Motion that proposed the Judgment and FF&CL,

6  which focused on the proposed legal conclusions regarding the Trustee's purported

7  right to possession of the "Rexford Home" that was the subject to the Trustee's first

8  claim, even though the first claim had not requested possession and the Court had

9  not awarded possession in granting the Trustee summary judgment.  [Docket no.

10  281, Exh. B hereto]  The Elkwood Parties also had previously objected to legal

11  conclusions in the proposed FF&CL in (1) their Rule 12(b)(6) motions to dismiss

12  the first claim to quiet title in the Trustee's First Amended Complaint and Second

13  Amended Complaint [docket nos. 16 and 49], and (2) their opposition to the

14  Trustee's motion for summary judgment on his first claim. [Docket no. 120]

15  [McCarthy Decl., ¶ 8]

16      Thus, the Elkwood Parties already had objected to the proposed Judgment

17  and FF&CL prior to the time they were recommended by the Bankruptcy Court.

18  As such, to the extent that Federal Rule of Bankruptcy Procedure 9033(b) applied,

19  it had been satisfied by the Elkwood Parties, although this Court apparently was

20  unaware of that fact when it entered its minute order, the recommended Judgment

21  and the recommended FF&CL on December 10, 2019.  [McCarthy Decl., ¶ 9]

22      Unbeknownst to the Elkwood Parties at the time, on November 19, 2019, the

23  Report and Recommendation was filed with the District Court, and the matter was

24  assigned to the Honorable John F. Walter.  [McCarthy Decl., ¶ 10]

25      On November 25, 2019, the parties to the Adversary Proceeding were

26  notified that this matter had been assigned case no. 2:19-cv-09915-JFW (the

27  "District Court Action") as a result of electronic notice of an entry on the

28  Bankruptcy Court's docket in the Adversary Proceeding.  The Elkwood Parties'

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   counsel looked into the District Court Action and learned from the docket that only

2   the Trustee's counsel (but not other counsel) was put on the District Court's

3   electronic notice list in this action by the Clerk.  [McCarthy Decl., ¶ 11]

4       Upon learning of the filing of the Report and Recommendation on November

5   25, 2019, the Elkwood Parties' counsel immediately began work on the motion

6   objecting to entry of the proposed Judgment and FF&CL (the "Objection Motion").

7   By the end of the day on November 26, 2019 (just prior to the Thanksgiving

8   weekend), a 35-page Objection Motion had been prepared, but it could not be filed

9   because the meet and confer requirements of Local Rule 7-3 needed to be satisfied,

10  this Court's requirement of a joint statement needed to be satisfied, and the

11  Elkwood Parties were required to wait seven days from the conference to file the

12  Objection Motion under Local Rule 7-3.  [McCarthy Decl., ¶ 12]

13      To subsequently receive electronic notice in this action, on December 3,

14  2019, the Elkwood Parties' counsel filed a Notice of Appearance in the District

15  Court Action.  [Docket no. 7]  On the same date, he also filed a "Notice of Intention

16  to File Motion Objecting to Bankruptcy Court's Report and Recommendation to the

17  District Court re Entry of Judgment on First Claim for Relief (Quiet Title)" (the

18  "Notice of Intention").  [Docket no. 5]  [McCarthy Decl., ¶ 13]

19      By email on December 3, 2019, the Elkwood Parties' counsel requested a

20  telephonic meeting pursuant to Local Rule 7-3 with counsel for the Trustee and

21  counsel for Howard and Israel Abselet (the "Abselets") to discuss the Elkwood

22  Parties' intended Objection Motion, which email summarized the issues to be

23  addressed.  [McCarthy Decl., ¶ 14]

24      On Friday, December 6, 2019, counsel for the Elkwood Defendants, the

25  Trustee and the Abselets participated in a telephonic meeting of counsel.  These are

26  the only parties that have been active in the Adversary Proceeding before the

27  Bankruptcy Court, including on matters related to the Court's rulings on the

28  Trustee's first claim to quiet title.  At that meeting, the parties were unable to

3

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

resolve the issues to be raised by the Elkwood Parties in their Objection Motion to entry of the proposed FF&CL and the proposed Judgment.  [McCarthy Decl., ¶ 15]

At the December 6th telephonic meeting, however, the parties agreed to submit a joint ex parte application to explain their alternative proposed procedures to brief the issues bearing upon entry of the proposed Judgment and FF&CL, so that the Court could approve the appropriate procedure.  No mention of Federal Rule of Bankruptcy Procedure 9033(b) was made by counsel for the Trustee or the Abselets during that conference.  [McCarthy Decl., ¶ 16]

Pursuant to Local Rule 7-3, the Elkwood Parties' Objection Motion to entry of the proposed Judgment and FF&CL could not be filed until at least 7 days after the December 6, 2019 Conference, meaning that December 13, 2019 was the earliest date for filing, *i.e.*, three days after the Court entered its minute order, Judgment and FF&CL on December 10, 2019.  However, the parties still needed the Court to approve its preferred procedure.  [McCarthy Decl., ¶ 17]

The initial draft of the joint ex parte application was emailed by the Elkwood Parties' counsel to opposing counsel on Monday, December 9, 2019.  On the morning of December 11, 2019, the Trustee's counsel emailed back a revised version with the changes proposed by the Trustee and the Abselets.  Significantly, in recital K of the revised version proposed by the Trustee and the Abselets, they acknowledged that there was no established procedure for objecting to the proposed Judgment and FF&CL.  [McCarthy Decl., ¶ 18, Exh,. C hereto]  Recital K stated:

K.    The parties agree that applicable law and rules do not specifically identify a procedure for objecting to a Report and Recommendation by the Bankruptcy Court to the District Court for entry of the proposed FF&CL and Judgment.

On the afternoon of December 11, 2019, the Elkwood Parties' counsel emailed back a revised version of the joint ex parte application showing minor changes proposed by the Elkwood Parties.  [McCarthy Decl., ¶ 19]

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

4

On the morning of December 12, 2019, the Trustee's counsel sent an email to the Elkwood Parties' counsel informing him that the application was "moot in light of the judge's rulings yesterday" and that "[y]ou do not have the Trustee's authority to file this as a joint application."  [McCarthy Decl., ¶ 20, Exh. D]

That came as a surprise to the Elkwood Parties' counsel, who had not received any electronic notice of any rulings by the District Court.  Upon immediately looking into it on the morning of December 12, 2019, he discovered that his email address in the District Court action (while previously correct) somehow had been changed from the time he filed his notice of appearance on December 3, 2019, to the incorrect address of "dmccarthy@jfbllp.com" (rather than dmccarthy@hfbllp.com), which accounted for the lack of notice.  The Elkwood Parties' counsel immediately contacted the court clerk, who could not explain how this had happened, but who corrected the email address for future notice purposes.  [McCarthy Decl., ¶ 21]

Upon discovering on December 12, 2019, the lack of notice and the entry of the Court's December 10, 2019 minute order, the Judgment and the FF&CL (the "December 10 Rulings"), the Elkwood Parties' counsel immediately emailed counsel for the Trustee and the Abselets to inform them that the Elkwood Parties intended to bring a motion for reconsideration by which the Elkwood Parties would request an order vacating the Court's December 10 Rulings. The email requested a prompt telephonic meet and confer to comply with Local Rule 7-3 before the motion was brought.  That telephonic meeting occurred late in the afternoon of Friday, December 13, 2019.  [McCarthy Decl., ¶ 22]

In the December 13, 2019 telephonic meeting, counsel for the Trustee and the Abselets proposed to avoid the necessity of the motion by stipulating to vacate the December 10 Rulings on the condition that the Elkwood Parties agree to the procedure previously proposed by them for the Objection to entry of the proposed Judgment and FF&CL, as suggested by them in the draft of the joint ex parte

application the parties were working on when the December 10 Rulings were entered. Under that procedure, there would be no motion and reply brief. Instead, the Elkwood Parties would file an objection of no more than 25 pages (instead of the 35 pages requested by the Elkwood Parties) and the Trustee and the Abselets would file a joint response of no more than 25 pages. Counsel for the Elkwood Parties stated that he was inclined to agree with their proposal, and that he would get back to them about it. [McCarthy Decl., ¶ 23]

The Elkwood Parties agreed to the proposal. Late on Monday, December 16, 2019, he emailed a proposed stipulation and order to counsel for the Trustee and the Abselets. The Abselets' counsel provided his revisions on December 17, 2019. The Elkwood Parties' counsel sent back minor revisions later that day. [McCarthy Decl., ¶ 24]

On the morning of December 18, 2019, counsel for the Trustee and the Abselets informed the Elkwood Parties' counsel by email that the revised stipulation and order were acceptable. [McCarthy Decl., ¶ 25]

On December 18, 2019, the stipulation and proposed order were filed with the Court. [Docket no. 13, McCarthy Decl., ¶ 26, Exh. E hereto] They were emailed to chambers the same day at 3:26 p.m. pursuant to the Court's requirements. [*Id.*, Exh. F hereto] A mandatory chambers copy was messengered to the Court and delivered the next morning at 8:50 a.m. [*Id.*, Exh. G hereto] The Elkwood Parties' counsel received an email from the Court on December 18, 2019 confirming receipt of the stipulation and proposed order. [*Id.*, Exh. H hereto]

## C.   <u>Summary of Argument</u>

The parties have attempted to avoid the necessity of this Motion through the stipulation and proposed order that were filed on December 18, 2019. The order should be entered, which requires the Elkwood Parties' objection to entry of the proposed Judgment and FF&CL to be filed within 10 days of entry of the order, and the joint response of the Trustee and the Abselets to be filed 14 days later, with a

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

25-page limitation on those filings, excluding exhibits.  That relief is requested pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and this Court's inherent authority.

Pursuant to Federal Rule of Bankruptcy Procedure 9033(b), the Elkwood Parties objected to the exact form of the proposed Judgment and FF&CL, as explained above.[1]  Thus, the Court's December 10 minute order incorrectly found that an objection had not been filed and based upon that incorrect premise held that the Elkwood Parties had waived their right to object.  As such, the Elkwood Parties request that the Court vacate its December 10 Rulings pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.

As also explained above, even though there was no deadline for the Elkwood Parties to file the Objection Motion with this Court, they were proceeding diligently with the pre-motion requirements of this Court after learning on November 25, 2019, that the Bankruptcy Court's Report and Recommendation had been filed with the District Court on November 19, 2019, by (1) conducting a meet and confer under Local Rule 7-3 on December 6, 2019, and (2) preparing the joint ex parte application asking that the Court set a procedure.  Thereafter, when the parties learned of the December 10 Rulings, the Elkwood Parties proceeded diligently in (1) conducting a meet and confer under Local Rule 7-3 on December 13, 2019, and then (2) preparing the stipulation and order that were filed on December 18, 2019 to avoid the need for this Motion.

To extent that it is determined that Rule 9033(b) was not satisfied by the Elkwood Parties, the Elkwood Parties request relief from the December 10 Rulings based upon the "excusable neglect" of their counsel under Rule 60(b)(1) and based upon Rule 60(b)(6), which provides for relief based upon "any other reason that justifies relief."

---

[1] Rule 9033(b) only sets a deadline for filing an objection to proposed findings and conclusions.  It does not mention proposed judgments.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

## II.  ARGUMENT

### A.  The Parties Have Stipulated to the Relief Requested by this Motion

By the stipulation that was filed on December 18, 2019, the parties stipulated to vacate the December 10 Rulings on the condition that the procedure approved by the Trustee and the Abselets be ordered, even though it provided the Elkwood Parties no opportunity to file a reply brief and it limited the objection to 25 pages. The Elkwood Parties respectfully submit that the stipulation should be approved by the order filed on December 18, 2019.  This relief is requested pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, under which this Court has great latitude. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ["Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion."  (Quoting 11 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995).)]  That relief also is requested pursuant to this Court's inherent authority.

### B.  The December 10 Rulings Should Be Vacated Because the Elkwood Parties Had Previously Objected to the Proposed Judgment and FF&CL

The Elkwood Parties had objected in great detail to the exact form of the Judgment and FF&CL that the Bankruptcy Court had recommended to this Court by their opposition to the Trustee's Motion that proposed to that Judgment and FF&CL.  [See Exhs. A and B]  This Court presumably was unaware of that.  Its December 10 minute order does not reflect that it had reviewed that opposition. Surely, the Elkwood Parties should not have been expected to re-file the same opposition after the Bankruptcy Court issued its Report and Recommendation that adopted the Judgment and FF&CL exactly as suggested by the Trustee.

Rule 59(e) provides the Court authority to alter or amend a judgment, which includes vacating it.  It states: "A motion to alter or amend a judgment must be filed

8

no later than 28 days after the entry of the judgment."  "The rule also has been

interpreted as permitting a motion to vacate a judgment rather than merely amend

it."  11 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2810.1 (3d ed.).  "Rule 59(e)

does… include motions for reconsideration."  *Id.*  In *Clipper Exxpress v. Rocky*

*Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1249 (9th Cir.1982), the Court

explained the scope and purposes of a Rule 59(e) motion:

> Rule 59(e) provides a mechanism by which a trial judge may alter,
> amend, or vacate a judgment. See *Foman v. Davis*, 371 U.S. 178, 83
> S.Ct. 227, 9 L.Ed.2d 222 (1962). Rule 59(e) provides an efficient
> mechanism by which a trial court judge can correct an otherwise
> erroneous judgment without implicating the appellate process. As
> noted by this court in *United States v. Walker*, 601 F.2d 1051, 1058
> (9th Cir. 1979): "Errors in the trial court may be most speedily
> corrected by the trial judge. Frequently a trial judge has had to rule on
> difficult questions under time pressures and without thorough briefing
> by the parties. A motion for reconsideration may, in some instances,
> avoid the necessity of an appeal." [Footnote]

Although this Court has latitude in granting relief under Rule 59(e), the

general grounds for a Rule 59(e) motion were described in *Allstate Ins. Co. v.*

*Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011):

> In general, there are four basic grounds upon which a Rule 59(e)
> motion may be granted: (1) if such motion is necessary to correct
> manifest errors of law or fact upon which the judgment rests; (2) if
> such motion is necessary to present newly discovered or previously
> unavailable evidence; (3) if such motion is necessary to prevent
> manifest injustice; or (4) if the amendment is justified by an
> intervening change in controlling law. [Citing *McDowell v. Calderon,*
> 197 F.3d 1253, 1255 n. 1 (9th Cir.1999)].

9

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    The Elkwood Parties respectfully submit that the facts and law set forth

2  above warrant relief under the first and third grounds.  There was an error of fact in

3  the Court finding that the Elkwood Parties had not filed an objection to the

4  proposed Judgment and FF&CL pursuant to Rule 9033(b), which resulted in an

5  error of law that the right to object had been waived.  Thus, relief from the

6  December 10 Rulings should granted to prevent a manifest injustice.

7    The Elkwood Parties also seek relief under F.R.Civ.P 60(b)(1) based upon

8  mistake and inadvertence regarding their purported failure to file an objection under

9  Rule 9033(b).  *Kingsvision Pay–Per–View Ltd. v. Lake Alice Bar,* 168 F.3d 347,

10  350 (9th Cir. 1999) [F.R.Civ.P 60(b)(1) applies to mistake and inadvertence by the

11  Court.]

12  **C.**    **If the Elkwood Parties' Prior Objections to the Proposed**

13        **Judgment and the Proposed Findings and Conclusions Are Not**

14        **Deemed to Have Satisfied Rule 9033(b), the Elkwood Parties**

15        **Request Relief from the December 10, 2019 Rulings**

16    To extent that it is now determined that Rule 9033(b) was not previously

17  satisfied by the Elkwood Parties' opposition to the proposed Judgment and FF&CL,

18  even though they were worded exactly as recommended to this Court, the Elkwood

19  Parties request relief from the December 10 Rulings based upon the "excusable

20  neglect" of their counsel under Rule 60(b)(1) and based upon Rule 60(b)(6), which

21  provides for relief based upon "any other reason that justifies relief," as well as

22  relief under Rule 59(e) on the same grounds.  The Elkwood Parties' opposition to

23  the form of the proposed Judgment and FF&CL certainly appeared to satisfy Rule

24  9033(b), and the Elkwood Parties' counsel was working diligently to present the

25  Objection Motion by which the Elkwood Parties intended to seek *de novo* review

26  before this Court, when the Court entered its December 10 Rulings.

27  / /

28  / /

10

**III.** <u>**CONCLUSION**</u>

Based upon the foregoing, the Elkwood Parties respectfully request that the Court grant this Motion by approving the parties' stipulation to vacate the December 10 Rulings, which was filed on December 18, 2019 [docket 13], and the Elkwood Parties request such other relief as the Court deems appropriate.

DATED: January 6, 2020    **HILL, FARRER & BURRILL LLP**

By: /s/ Daniel J. McCarthy
DANIEL J. McCARTHY
Attorneys for Defendants, Counterclaimants, Cross-Complainants and Counterdefendants ELKWOOD ASSOCIATES, LLC, and FIELDBROOK, INC., and Counterdefendants RELIABLE PROPERTIES and JACK NOURAFSHAN

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

## DECLARATION OF DANIEL J. MCCARTHY

I, Daniel J. McCarthy, declare:

1.      I am an attorney at law and I am duly qualified to practice before all state and federal courts in California.  I am a partner at the law firm of Hill, Farrer & Burrill LLP.

2.      I am solely responsible for representing Elkwood Associates, LLC ("Elkwood"), Fieldbrook, Inc. ("Fieldbrook"), Reliable Properties, and Jack Nourafshan (together, the "Elkwood Parties") in connection with the Chapter 11 cases of Solyman Yashouafar and Massoud Aaron Yashouafar (the "Debtors") pending before the Honorable Geraldine Mund in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), case nos. 1:16-bk-12255-GM and 1:16-bk-12408-GM (the "Debtors' Bankruptcy Cases"), and in adversary proceeding no. 1:17-ap-01040-MT commenced by David K. Gottlieb, Chapter 11 Trustee for the Debtors (the "Trustee"), which is pending before the Honorable Maureen Tighe (the "Adversary Proceeding").

3.      I also am solely responsible for representing the Elkwood Parties in case no. 2:19-cv-09915-JFW before the United States District Court for the Central District of California.

4.      On October 4, 2019, the Trustee filed "Plaintiff's Motion for Issuance of a Report and Recommendation Re Judgment on First Claim for Relief (Quiet Title)" (the "Trustee's Motion") with the Bankruptcy Court in the Adversary Proceeding [docket no. 276] pursuant to a briefing schedule set by the Bankruptcy Court at hearing on September 17, 2019.  That motion proposed a Judgment on the Trustee's first claim and related findings of fact and conclusions of law ("FF&CL").  A true and correct copy of the Trustee's Motion is attached hereto as **Exhibit A**.

5.      On October 18, 2019, on behalf of the Elkwood Parties, I filed their

12

1    Opposition to the Trustee's Motion, thereby objecting to the Judgment and FF&CL

2    that were proposed by the Trustee for recommendation to the District Court.

3    [Docket no. 281]  A true and correct copy of that Opposition is attached hereto as

4    **Exhibit B**.

5         6.    On October 25, 2019, the Trustee filed his reply in support of the

6    Trustee's Motion.  [Docket no. 282]

7         7.    The Bankruptcy Court took the Trustee's Motion under submission

8    and on November 13, 2019, the Bankruptcy Court issued its Report and

9    Recommendation in the Adversary Proceeding by which it recommended that the

10   District Court enter the proposed Judgment and the proposed FF&CL in the exact

11   same form requested by the Trustee, to which the Elkwood Parties had specifically

12   objected.  [Docket no. 283]

13        8.    The recommended Judgment and FF&CL rejected objections to legal

14   conclusions that the Elkwood Parties already had objected to in their opposition to

15   the Trustee's Motion that proposed the Judgment and FF&CL, which focused on

16   the proposed legal conclusions regarding the Trustee's purported right to possession

17   of the "Rexford Home" that was the subject to the Trustee's first claim, even

18   though the first claim had not requested possession and the Court had not awarded

19   possession in granting the Trustee summary judgment.  [Docket no. 281, Exh. B

20   hereto]  The Elkwood Parties also had previously objected to legal conclusions in

21   the proposed FF&CL in (1) their Rule 12(b)(6) motions to dismiss the first claim to

22   quiet title in the Trustee's First Amended Complaint and Second Amended

23   Complaint [docket nos. 16 and 49], and (2) their opposition to the Trustee's motion

24   for summary judgment on his first claim.  [Docket no. 120]

25        9.    Thus, the Elkwood Parties already had objected to the proposed

26   Judgment and FF&CL prior to the time they were recommended by the Bankruptcy

27   Court to the District Court.  As such, to the extent that Federal Rule of Bankruptcy

28   Procedure 9033(b) applied, I believe that it had been satisfied by the Elkwood

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

13

Parties, although this Court apparently was unaware of that when it entered its minute order, the recommended Judgment and the recommended FF&CL on December 10, 2019.

10.     Unbeknownst to me at the time, on November 19, 2019, the Report and Recommendation was filed with the District Court, and the matter was assigned to the Honorable John F. Walter.

11.     On November 25, 2019, the parties to the Adversary Proceeding (including me) were notified that this matter had been assigned case no. 2:19-cv-09915-JFW (the "District Court Action") in the District Court as a result of electronic notice of an entry on the Bankruptcy Court's docket in the Adversary Proceeding.  I immediately looked into the District Court Action and learned from the docket that only the Trustee's counsel (but not other counsel) was put on the District Court's electronic notice list in this action by the Clerk.

12.     Upon learning of the filing of the Report and Recommendation on November 25, 2019, I immediately began work on the motion objecting to entry of the proposed Judgment and FF&CL (the "Objection Motion").  By the end of the day on November 26, 2019 (just prior to the Thanksgiving weekend), a 35-page Objection Motion had been prepared by me, but it could not be filed with the District Court because the meet and confer requirements of Local Rule 7-3 needed to be satisfied, this Court's requirement of a joint statement needed to be satisfied, and the Elkwood Parties were required to wait seven days from the conference to file the Objection Motion under Local Rule 7-3.

13.     To make certain that I subsequently received electronic notice in this action, on December 3, 2019, I filed a Notice of Appearance in the District Court Action. [Docket no. 7]  To inform the Court of the Elkwood Parties' intention, on December 3, 2019, I also filed a "Notice of Intention to File Motion Objecting to Bankruptcy Court's Report and Recommendation to the District Court re Entry of Judgment on First Claim for Relief (Quiet Title)" (the "Notice of Intention").

14

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

[Docket no. 5]

14.    By email on December 3, 2019, I requested a telephonic meeting pursuant to Local Rule 7-3 with counsel for the Trustee and counsel for Howard and Israel Abselet (the "Abselets") to discuss the Elkwood Parties' intended Objection Motion, which email summarized the issues to be addressed.

15.    On December 6, 2019, counsel the Trustee (Jeremy Richards), counsel for the Abselets (Henry David) and I participated in a telephonic meeting of counsel.  These are the only parties that have been active in the Adversary Proceeding before the Bankruptcy Court, including on matters related to the Court's rulings on the Trustee's first claim to quiet title.  At that meeting, we were unable to resolve any of the issues to be raised by the Elkwood Parties in their Objection Motion to entry of the proposed FF&CL and the proposed Judgment.

16.    At the telephonic meeting of counsel on Friday, December 6, 2019, however, the parties agreed to submit a joint ex parte application to explain their alternative proposed procedures to brief the issues bearing upon entry of the proposed Judgment and FF&CL, so that the Court could approve the appropriate procedure.  No mention of Federal Rule of Bankruptcy Procedure 9033(b) was made by counsel for the Trustee or the Abselets during that conference.

17.    Pursuant to Local Rule 7-3, the Elkwood Parties' Objection Motion to entry of the proposed Judgment and FF&CL could not be filed until at least 7 days after the December 6, 2019 Conference, meaning that December 13, 2019 was the earliest date for filing, *i.e.*, three days after the Court entered its minute order, Judgment and FF&CL on December 10, 2019.  However, the parties still needed the Court to approve its preferred procedure.

18.    The initial draft of the joint ex parte application was emailed by me to opposing counsel on Monday, December 9, 2019.  On the morning of December 11, 2019, the Trustee's counsel emailed back a revised version with the changes proposed by the Trustee and the Abselets.  A true and correct copy of that email and

15

the revised stipulation that was attached thereto are attached hereto as **Exhibit C**.

19.    On the afternoon of December 11, 2019, I emailed back to counsel for the Trustee and the Abselets a revised version of the joint ex parte application showing minor changes proposed by the Elkwood Parties.  A true and correct copy of that email is part of **Exhibit D** that is attached hereto.

20.    On the morning of December 12, 2019, the Trustee's counsel sent an email to me informing me that the application was "moot in light of the judge's rulings yesterday" and that "[y]ou do not have the Trustee's authority to file this as a joint application."  A true and correct copy of that email also is part of **Exhibit D** that is attached hereto.

21.    That came as a surprise to me, given that I had not received any electronic notice of any rulings by the District Court.  Upon immediately looking into it on the morning of December 12, 2019, I discovered that my email address in the District Court action (while previously correct, as I know from other electronic notices that I had received on and after December 3, 2019) somehow had been changed from the time I filed my notice of appearance on December 3, 2019, to the incorrect address of "dmccarthy@jfbllp.com" (rather than dmccarthy@hfbllp.com), which accounted for the lack of notice.  I had my secretary immediately contact the court clerk, who could not explain how this had happened, but who my secretary informs me corrected the email address on the Court's docket for future notice purposes.

22.    Upon discovering the lack of notice and the entry of the Court's December 10, 2019 minute order, the Judgment and the FF&CL (the "December 10 Rulings") on December 12, 2019, I immediately emailed counsel for the Trustee and the Abselets to inform them that the Elkwood Parties intended to bring a motion for reconsideration by which the Elkwood Parties would request an order vacating the Court's December 10 Rulings. The email requested a prompt telephonic meet and confer to comply with Local Rule 7-3 before the motion was

16

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

brought. That telephonic meeting occurred late in the afternoon of Friday, December 13, 2019.

23. In the December 13, 2019 telephonic meeting, counsel for the Trustee (Jeremy Richards) and counsel for the Abselets (Henry David) proposed to avoid the necessity of the motion by stipulating to vacate the December 10 Rulings on the condition that the Elkwood Parties agree to the procedure previously proposed by them for the objection to entry of the proposed Judgment and FF&CL, as suggested by them in the draft of the joint ex parte application the parties were working on when the December 10 Rulings were entered. Under that procedure, there would be no motion and reply brief. Instead, the Elkwood Parties would file an objection of no more than 25 pages (instead of the 35 pages requested by the Elkwood Parties) and the Trustee and the Abselets would file a joint response of no more than 25 pages. I informed opposing counsel that I was inclined to agree with their proposal, and that I would get back to them about it.

24. The Elkwood Parties agreed to the proposal. Late on Monday, December 16, 2019, I sent an email to counsel for the Trustee and the Abselets, which had attached a proposed stipulation and order. The Abselets' counsel provided his revisions on December 17, 2019. I sent back minor revisions later that day.

25. On the morning of December 18, 2019, counsel for the Trustee and the Abselets informed me by email that the revised stipulation and order were acceptable.

26. On December 18, 2019, the stipulation and proposed order were filed with the Court. [Docket no. 13] A true and correct copy of stipulation and order are attached hereto as **Exhibit E**. They also were emailed to chambers the same day at 3:26 p.m. pursuant to the Court's requirements. A true and correct of that email is attached hereto as **Exhibit F**. I am informed that a mandatory chambers copy was messengered to the Court and that it was delivered the next morning at

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

17

8:50 a.m., according to an email confirmation my secretary received from our attorney service, a true and correct copy of which is attached hereto as **Exhibit G**.  I also received an email from the Court on December 18, 2019, confirming receipt of the stipulation and proposed order that day.  A true and correct copy of that email is attached hereto as **Exhibit H**.

The foregoing is within my personal knowledge and if called as a witness in this matter I could and would competently testify thereto.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January 6, 2020, at Los Angeles, California.

/s/  Daniel J. McCarthy
Daniel J. McCarthy

**PROOF OF SERVICE**

I, Sonia Padilla, declare:

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is Hill, Farrer & Burrill LLP, One California Plaza, 37th Floor, 300 South Grand Avenue, Los Angeles, California 90071-3147. On January 6, 2020, I served the within documents:

**NOTICE OF MOTION AND MOTION TO VACATE DECEMBER 10, 2019 MINUTE ORDER, JUDGMENT AND FINDINGS OF FACT AND CONCLUSIONS OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL J. McCARTHY**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by causing personal delivery by Delivery Service of the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above in a sealed Delivery Service envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

*See Attached Service List*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 6, 2020, at Los Angeles, California.

/s/ Sonia Padilla_____
Sonia Padilla

1

**Parties Who Have Not Appeared**
**(Served per L.R. 5-3.2.1)**

2

3

**Attorneys for Soda Partners, LLC**
Ronald N. Richards
P.O. Box 11480
Beverly Hills, California 90213

4

5

**Attorneys for DMARC 2007-CD5 GARDEN STREET**
Timothy Carl Aires
Aires Law Firm
6 Hughes, Suite 205
Irvine, CA 92618

6

7

8

**Attorneys for Citivest**
**Financial Services, Inc.**
Scott Wyman, Esq.
P.O. Box 50053
Studio City, CA 91614

9

10

11

**Attorneys for**
**Quality Loan Service Corporation and**
**Chase Manhattan Mortgage Company**
Merdaud Jafarnia
McCarthy & Holthus LLP
1770 Fourth Avenue
San Diego, CA 92101

12

13

14

15

**Attorneys for Fereydoun Dayani**
Behrouz Shafie
Law Offices Behrouz Shafie
and Associates
1575 Westwood Boulevard Suite 200
Los Angeles, CA 90024

16

17

18

**Registered Agent for State Street Bank and Trust Company**
CT Corporation System
155 Federal Street, Ste. 700
Boston, MA 02110

19

20

21

State Street Bank and Trust Company
Attn: Director or Officer
1 Lincoln Street
Boston, MA 02111

22

23

24

25

26

27

28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147