1  **HILL, FARRER & BURRILL LLP**
   Daniel J. McCarthy (Bar No. 101081)
2  300 South Grand Avenue, 37th Floor
   Los Angeles, CA  90071-3147
3  Telephone:  (213) 620-0460
   Fax:  (213) 624-4840
4  dmccarthy@hfbllp.com

5  Attorneys for Defendants, Counterclaimants,
6  Cross-Complainants and Counterdefendants
   ELKWOOD ASSOCIATES, LLC, and
7  FIELDBROOK, INC., and
   Counterdefendants RELIABLE
8  PROPERTIES and JACK NOURAFSHAN

9            **UNITED STATES DISTRICT COURT**
10           **CENTRAL DISTRICT OF CALIFORNIA**
11                **WESTERN DIVISION**

| | |
|---|---|
| 12  In re | D. Ct. Case No.  2:19-cv-09915-JFW |
| 13  SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR, | Chapter 7 Jointly Administered |
| 14  Debtors. | |
| 15  In re: SOLYMAN YASHOUAFAR, | BK Case No. 1:16-bk-12255-GM Chapter 7 |
| 16  Debtor. | |
| 17  In re: MASSOUD AARON YASHOUAFAR, | BK Case No. 1:16-bk-12408-GM Chapter 7 |
| 18  Debtor. | |
| 19  Affects: ☑ Both Debtors ☐ Solyman Yashouafar ☐ Massoud Aaron Yashouafar | |
| 20 | |
| 21 | |
| 22  DAVID K. GOTTLIEB, as Chapter 11 Trustee for Massoud Aaron Yashouafar and Solyman Yashouafar, | BK Adv. No. 1:17-ap-01040-MT |
| 23  Plaintiff, vs. | **OBJECTION TO RECOMMENDED JUDGMENT AND FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| 24  ELKWOOD ASSOCIATES, LLC, FIELDBROOK, INC., CITIVEST FINANCIAL SERVICES, INC., ISRAEL ABSELET, HOWARD ABSELET, et al., | **[Appendix Concurrently Filed]** |
| 25 | **[No Hearing Set Pursuant to Order dated February 14, 2020]** |
| 26 | |
| 27  Defendants. | |
| 28  AND RELATED CROSS-ACTIONS | |

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

-1-

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...........................................................................................1

II.   ARGUMENT ................................................................................................3

    A.    This Court Should Not Adopt The Proposed FF&CL and Judgment to the Extent They Award the Trustee Possession of the Rexford Home ..................................................................................3

        1.    Possession Was Not An Issue in the Adversary Proceeding ..................................................................................3

        2.    The Proposed FF&CL and Judgment Improperly Force the Issue of Possession..............................................................5

        3.    The Issue of Possession Remains to be Properly Resolved in the Adversary Proceeding.........................................6

            a.    Paragraph 45 of the FF&CL Is False ...........................6

            b.    Paragraphs 46 and 47 in the FF&CL and Paragraph 5 of the Judgment Should Not Be Adopted Because a Plaintiff is Not Entitled to an Award of Possession of Real Property Based Merely Upon a Quiet Title Claim.................................................................6

            c.    The Trustee's Other Arguments Do Not Support the Proposed FF&CL and Judgment for Possession......10

    B.    Judgment Also Should Not Be Entered Because There Are Other Claims That Remain to be Determined ...................................11

    C.    Judgment Should Not Be Entered Because Elkwood's Reimbursement Defense Has Not Yet Been Determined..................13

        1.    This Issue Was Raised In The Objection Before the Bankruptcy Court........................................................................13

        2.    Applicable Case Law ....................................................................15

        3.    The Elkwood Defendants Clearly Raised This Issue ..............19

        4.    The FF&CL and Judgment Should Not Be Entered Because They Do Not Address the Reimbursement Issue.......22

III.  CONCLUSION ...........................................................................................24

1
2

# **TABLE OF AUTHORITIES**

3

**Page(s)**

4

**Federal Cases**

5
6

*Castle v. Mortgage Elec. Registration Sys., Inc.*,
    2011 WL 3626560 (C.D. Cal. Aug. 16, 2011) ................................................... 10

7
8

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
    446 U.S. 1, 7, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980) ...................................... 13

9
10

*Dodd v. Hood River Cty.*,
    59 F.3d 852 (9th Cir. 1995) .................................................................................. 5

11
12

*Green v. Cent. Mortg. Co.*,
    148 F. Supp. 3d 852 (N.D. Cal. 2015) .................................................................. 9

13

*Hawaii Hous. Auth. v. Midkiff*,
    467 U.S. 229, 104 S. Ct. 2321, 81 L. Ed. 2d 186 (1984) .................................. 22

14
15

*In re Crown Vantage, Inc.*,
    421 F.3d 963 (9th Cir. 2005) .............................................................................. 23

16
17

*In re Houghton*,
    123 B.R. 869 (Bankr. C.D. Cal. 1991) .............................................................. 18

18
19

*In re World Mktg. Chicago, LLC*,
    584 B.R. 737 (Bankr. N.D. Ill. 2018) ................................................................ 23

20
21

*Lombardo Turquoise Mill. & Min. Co. v. Hemanes*,
    430 F. Supp. 429 (D. Nev. 1977) ......................................................................... 7

22
23

*Midkiff v. Tom*,
    702 F.2d 788 (9th Cir. 1983) .............................................................................. 22

24

*United States v. Standard Oil Co. of California*,
    20 F. Supp. 427 (S.D. Cal. 1937) ......................................................................... 7

25
26
27

*Wojciechowski v. Kohlberg Ventures, LLC*,
    2017 WL 1330515 (N.D. Cal. Apr. 11, 2017), *rev'd and remanded*,
    923 F.3d 685 (9th Cir. 2019) ................................................................................ 5

28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1
2

# <u>TABLE OF AUTHORITIES</u>
# <u>CONTINUED</u>

3

**Page(s)**

4
5

*Wood v. GCC Bend, LLC*,
   422 F.3d 873 (9th Cir. 2005) ............................................................. 13

6

**State Cases**

7
8

*Aguayo v. Amaro*,
   213 Cal. App. 4th 1102 (2013) .......................................................... 7

9
10

*Bank of America v. La Jolla Group II*,
   129 Cal.App.4th 706 (2004) ............................................................. 17

11
12

*Caira v. Offner*,
   126 Cal. App. 4th 12 (2005) ............................................................. 7

13
14

*Dodd v. Simon*,
   113 Mont. 536, 129 P.2d 224 (1942) ................................................ 7

15

*Duckett v. Adolph Wexler Bldg. & Fin. Corp.*,
   2 Cal. 2d 263, 40 P.2d 506 (1935) .................................................... 9

16
17

*Keele v. Clouser*
   92 C.A. 526, 530, 268 P. 682 (1928) .......................................... 6, 7, 9

18
19

*Knapp v. Doherty*,
   123 Cal. App. 4th 76 (2004) ............................................................. 18

20
21

*Landregan v. Peppin*
   94 C. 465, 466, 29 P. 771 (1892) ..................................................... 6, 7

22
23

*Little v. CFS Serv. Corp.*,
   188 Cal. App. 3d 1354 (1987) .......................................................... 18

24
25

*Lona v. Citibank, N.A.*,
   202 Cal. App. 4th 89 (2011) ......................................................... 17, 18

26

*Medeiros v. Medeiros*,
   177 Cal. App. 2d 69 (1960) .............................................................. 8

27
28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

## TABLE OF AUTHORITIES
## CONTINUED

**Page(s)**

*Miller v. Cote*,
  127 Cal. App. 3d 888 (1982) ..................................................................18

*Nguyen v. Calhoun*,
  105 Cal. App. 4th 428 (2003) ................................................................17

*Ortega v. Drocco*,
  2012 WL 1862323 (Cal. Ct. App. May 22, 2012) .................................8

*Payne & Dewey v. Treadwell*,
  16 Cal. 220 (1860) ..............................................................................8, 9

*Reiner v. Schroder*,
  146 Cal. 411, 80 P. 517 (1905) ...............................................................7

*South Shore Land Co. v. Petersen*,
  226 Cal. App. 2d 725 (1964) ...................................................................7

*Sys. Inv. Corp. v. Union Bank*,
  21 Cal. App. 3d 137 (1971) ...............................................14, 15, 16, 18, 19

*Thomson v. Thomson*,
  7 Cal. 2d 671 (1936) ................................................................................7

*Vella v. Hudgins*,
  20 Cal. 3d 251 (1977) ............................................................................10

*Warden v. S. Pasadena Realty & Imp. Co.*,
  178 Cal. 440, 174 P. 26 (1918) ...............................................................7

**Federal Statutes**

11 U.S.C. § 323(a) ....................................................................................23

11 U.S.C. 502(h) .......................................................................................24

11 U.S.C. § 522 .........................................................................................24

11 U.S.C. § 550 .........................................................................................24

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

iv

# TABLE OF AUTHORITIES
## CONTINUED

**Page(s)**

**Rules**

Fed.R.Civ.P. 12(b)(6) ................................................................................ 3

Fed.R.Civ.P. 54(b) ................................................................. 12, 13, 22

**Other Authorities**

Wright & Miller, 10 *Fed. Prac. & Proc. Civ.* § 2654 (4th ed.)............................... 13

20 Am. Jur. 2d Courts § 59 ................................................................... 23

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    **I.**      **INTRODUCTION**

2         In adversary proceeding no. 1:17-ap-01040-MT (the "Adversary

3    Proceeding"), the Bankruptcy Court entered summary judgment in favor of David

4    K. Gottlieb ("Trustee"), as trustee for the estates of Massoud Aaron Yashouafar and

5    Solyman Yashouafar ("Debtors") on the Trustee's First Claim to quiet title to

6    residential real property at 910 N. Rexford Drive, Beverly Hills, California (the

7    "Rexford Home"), by which the Court quieted title in the Trustee's name on behalf

8    of the estate of Massoud Aaron Yashouafar.  [Appendix in Support of Objection

9    ("App."), 0768:5-12]  Title was held in the name of Elkwood Associates, LLC

10   ("Elkwood") as a result of a credit bid by Elkwood at a February 2015 foreclosure

11   sale based upon a deed of trust that it claimed to hold against the Rexford Home.

12   The Court's quiet title ruling was based upon the premise that the sale was void

13   because the entire underlying promissory note had been assigned by Elkwood to an

14   affiliate named Fieldbrook, Inc. ("Fieldbrook"), so the deed of trust against the

15   Rexford Home (the "Rexford DOT") also had been assigned by operation of law to

16   Fieldbrook, even though the assignment (the "Fieldbrook Assignment") did not

17   mention the Rexford DOT, but instead only mentioned the assignment of another

18   deed of trust against other residential real property at 580 Chalette Drive, Beverly

19   Hills, California (the "Chalette Home").

20        Thereafter, various claims, cross-claims and counterclaims were dismissed

21   by the Trustee, Elkwood, Fieldbrook, and Howard and Israel Abselet (the

22   "Abselets"), who held liens against both properties.  The dismissed claims included

23   all claims related to the Chalette Home, fraudulent transfer claims related to the

24   Rexford Home, and a counterclaim by Elkwood for post-petition rent on the

25   Rexford Home.  [App., 806-809]  Those dismissals narrowed the scope of the

26   Adversary Proceeding, but certain issues remain to be litigated – some of which the

27   Trustee had not even alleged yet.

28        One remaining issue concerns the Trustee's right to possession of the

1   Rexford Home.  The Trustee had not sought that relief by his First Claim to quiet

2   title in his operative Third Amended Complaint ("TAC") in the Adversary

3   Proceeding.  Elkwood's counsel brought this unresolved issue to the Court's

4   attention in connection with the question of whether Elkwood was entitled to a jury

5   trial on the First Claim, because a quiet title claim is an equitable claim, but the

6   claim for possession is a legal claim (an "ejectment claim") when combined with a

7   quiet title claim.  Thus, Elkwood argued that the Trustee must either amend his

8   First Claim to seek possession, in which case Elkwood would be entitled to a jury

9   trial, or the Trustee should be deemed to have waived his claim for possession,

10  given that federal procedure precludes "claim-splitting."

11        The Court side-stepped the possession issue by holding that the Trustee could

12  avoid a jury trial by not seeking possession, but that the Trustee still was entitled to

13  an award of possession because that relief necessarily followed from quieting title

14  to the Rexford Home.

15        The second unresolved issue was Elkwood's right to be reimbursed for

16  monies spent by it on the Rexford Home after it acquired the Property at the

17  February 2015 foreclosure sale (the "Reimbursement Issue").  The notion was that,

18  if the Court was to return the parties to the status quo prior to that sale by quieting

19  title in the Trustee's name subject to the liens that existed on the Rexford Home at

20  that time, the Court also should require the Trustee to reimburse Elkwood for its

21  Rexford-related expenditures, some of which pre-dated August 3, 2016 (*i.e.*, a pre-

22  petition claim), when the Debtors were put in bankruptcy, but most of which post-

23  dated that date (*i.e.*, a post-petition claim).

24        Elkwood raised its right to be reimbursed for those expenses in its sixth

25  affirmative defense [App., 45:17-28] and in its opposition to the Trustee's motion

26  for summary judgment on his First Claim.  [App., 195:5-196:16; 200:4-22; 261-

27  487]  At first, the Court mistakenly held that Elkwood had submitted no evidence to

28  support that right.  [App., 619:8-17].  Elkwood and Fieldbrook pointed out that

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

error in objecting to the proposed orders submitted by the Trustee, and they explained that they had submitted detailed evidence that the Trustee had ignored. [App., 631:13-28; 667:11-670:6; 674:6-676:10]  The Court acknowledged that error, but then eventually side-stepped the Reimbursement Issue by ruling that Elkwood's pre and post-petition reimbursement claims would be resolved at a later time in connection with the "claims objection" procedure, even though the issue had been raised and briefed in the Adversary Proceeding.  [App., 759:2-761:12]

Pursuant to a briefing schedule set by the Bankruptcy Court, the Trustee requested that the Bankruptcy Court issue a Report and Recommendation ("Report") to the District Court  to suggest a judgment and related findings of fact and conclusions of law ("FF&CL") on the Trustee's First Claim.

Elkwood, Fieldbrook, Inc., Reliable Properties and Jack Nourafshan (the "Elkwood Parties") filed an opposition to the Trustee's motion for issuance of the Report [App., 867-897] and the Trustee filed a reply.

On November 13, 2019, the Bankruptcy Court issued its Report by which it recommended that the District Court enter the proposed Judgment and the proposed FF&CL in the same form requested by the Trustee.  That Report was filed with the District Court on November 19, 2019.  [Docket no. 2]

## II.   ARGUMENT[1]

### A.   This Court Should Not Adopt The Proposed FF&CL and Judgment to the Extent They Award the Trustee Possession of the Rexford Home

#### 1.   Possession Was Not An Issue in the Adversary Proceeding

The Trustee's quiet title claim only sought to quiet title to the Rexford Home. [App., 21:12-28 (¶¶ 89-92), and 25:23]

---

[1] In Rule 12(b)(6) motions to dismiss versions of the Trustee's complaint, the Elkwood Parties explained why the Trustee failed to state a quiet title claim. Because this Court's February 14, 2020 [docket no. 22] limited this Objection to the grounds raised in the objection filed in Bankruptcy Court, this Objection does not raise those Rule 12(b)(6) issues.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

The Trustee's motion for summary judgment also only sought to quiet title to the Rexford Home, and it did not mention possession.  [App., 87:8-10]

The First Amended Counterclaim of Elkwood and Fieldbrook alleged counterclaims for rent, reformation of the Fieldbrook Assignment, and to quiet title to the Rexford Home in Elkwood's name.  [App., 110:26-115:10]  It did <u>not</u> seek the remedy of ejectment or possession, and there was a very good reason for that.  It would not have made any sense for Elkwood and Fieldbrook to seek that remedy because <u>Elkwood already was in possession</u>.

The Court's January 25, 2019 memorandum on the cross-motions for summary judgment accurately described the relief requested by the Trustee's motion as only seeking to quiet title.  [App., 596:11-13]  In granting the Trustee's motion, the Court concluded: "Title to the Rexford Property is quieted in the Trustee as representative of Massoud Yashouafar's estate."  [*Id.*, at 619:19-620:7]  The Court made no mention of possession.

The Court's April 30, 2019 supplemental memorandum on the cross-motions addressed the Reimbursement Issue.  [App., 759:2-761:12]  It did not address the quiet title issue, which had been ruled upon in the Court's January 25, 2019 memorandum.  It also made no mention of the issue of possession.

The Court's April 30, 2019 order on the cross-motions for summary judgment also only quieted title to the Rexford Home, but it did not mention possession.  [App., 768:5-11]

The Trustee well understood that he only sought and that he only was awarded the remedy of quiet title to the Rexford Home.  He submitted two proposed orders, but no mention was made of additional remedy of possession of the Rexford Home.  [App., 622-628; 652-659]

In connection with the hearing before the Bankruptcy Court on September 24, 2019, the Elkwood Parties pointed out that the Trustee had not sought nor had he been awarded possession of the Rexford Home.  As such, the Elkwood

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

4

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

Defendants argued that trial in the Adversary Proceeding should be stayed until the Trustee asserted a claim for possession, *i.e.*, an "ejectment claim" under California law, or such a claim for possession would be barred based upon a violation of the doctrine of "claims-splitting."[2]  [App., 837:27-838:14]  Only then did the Trustee's counsel argue for possession for the very first time, never having previously sought that remedy in the Adversary Proceeding.

## 2.      The Proposed FF&CL and Judgment Improperly Force the Issue of Possession

In relevant part, the proposed FF&CL state:

45.  The right to possession of the Rexford Home is an issue that was raised by the Trustee's Third Amended Complaint and the Elkwood Defendants' First Amended Counterclaim.

46.  The Trustee is not required to plead a separate claim for ejectment in order to obtain possession of the Rexford Home.

47.  Judgment on the Quiet Title Claim entitles the Trustee to the issuance of a writ of possession or other available remedy to obtain possession of the Rexford Home.

48.  Elkwood has not alleged any facts or advanced any legal argument that would entitle it to remain in possession of the Rexford Home upon entry of a judgment on the Quiet Title Claim in favor of the Trustee.

[Docket no. 2]

In relevant part, the proposed judgment states:

5.  The Trustee is entitled to immediate possession of the Subject Property and the Trustee is entitled to the immediate issuance of a Writ

---

[2] Claims-splitting is precluded under federal procedural law. *Wojciechowski v. Kohlberg Ventures, LLC*, 2017 WL 1330515, at *6 (N.D. Cal. Apr. 11, 2017), *rev'd and remanded*, 923 F.3d 685 (9th Cir. 2019); *Dodd v. Hood River Cty.*, 59 F.3d 852, 862 (9th Cir. 1995).

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    of Possession with respect to the Subject Property.

2    [Docket no. 2]

3          **3.**      **The Issue of Possession Remains to be Properly Resolved in**

4                    **the Adversary Proceeding**

5               **a.**      **Paragraph 45 of the FF&CL Is False**

6    Contrary to **paragraph 45**, "[t]he right to possession of the Rexford Home is

7    an issue" that actually was <u>not</u> "raised by the Trustee's Third Amended Complaint

8    and the Elkwood Defendants' First Amended Counterclaim," as explained above.

9               **b.**      **Paragraphs 46 and 47 in the FF&CL and Paragraph 5**

10                       **of the Judgment Should Not Be Adopted Because a**

11                       **Plaintiff is <u>Not</u> Entitled to an Award of Possession of**

12                       **Real Property Based Merely Upon a Quiet Title Claim**

13   The legal conclusion in **paragraph 46** of the proposed FF&CL is misleading,

14   and it is simply incorrect as a matter of law.  The Trustee may not be "required to

15   plead a <u>separate</u> claim for ejectment in order to obtain possession of the Rexford

16   Home," <u>but he at least needed to plead it **as part of** the quiet title claim</u>.

17   An ejectment claim is not the same as a quiet title claim.  When a plaintiff,

18   who is not in possession, brings a quiet title claim and also seeks possession, he or

19   she must seek the remedy of ejectment.  One commentator explained:

20       The modern quiet title and ejectment actions overlap. Ejectment,

21       although in theory an action merely to recover possession, usually

22       involves the right to possession in the person having title, and may

23       therefore determine the title. (See *supra*, § 636.) <u>And a quiet title</u>

24       <u>action, if brought by a person out of possession, determines not only</u>

25       <u>title but the right to possession, and incidental damages, the effect</u>

26       <u>being similar to ejectment.</u> (*Landregan v. Peppin* (1892) 94 C. 465,

27       466, 29 P. 771; *Keele v. Clouser* (1928) 92 C.A. 526, 530, 268 P. 682.)

28       5 Witkin, *Cal. Proc.* (5th ed. 2008), Pleading, § 655 (emphasis added).

1

2

3

4

5

6

7

8

9

10

11

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In *Landregan*, which was cited in Witkin, the right to possession clearly was at issue, which is to say that the Court did not hold that a mere quiet title claim gave rise to an unrequested right of possession. *Landregan,* 94 Cal. at 466.  Other courts have read the *Landregan* case that way, *i.e.*, that the issue of possession must be raised in conjunction with a quiet title claim for possession to be awarded.  *Dodd v. Simon,* 113 Mont. 536, 129 P.2d 224, 229 (1942); *Warden v. S. Pasadena Realty & Imp. Co.*, 178 Cal. 440, 445, 174 P. 26, 28 (1918); *Reiner v. Schroder*, 146 Cal. 411, 416, 80 P. 517, 518 (1905).  In the other case cited by Witkin, the plaintiff also sought to quiet title <u>and</u> possession, rather than arguing that she was impliedly entitled to possession based merely upon a claim that only sought to quiet title. *Keele v. Clouser*, 92 Cal. App. 526, 530, 268 P. 682 (1928).

The legal distinction between a quiet title claim and a combined quiet title/ejectment is demonstrated by the right a jury trial only on the latter claim, whereas a quiet title claim is an equitable claim.  *Thomson v. Thomson*, 7 Cal. 2d 671, 681 (1936) ["If the plaintiff is out of possession and seeks by an action to quiet title to recover possession, the action is triable in a court of law."]; *Aguayo v. Amaro*, 213 Cal. App. 4th 1102, 1109 (2013) [same]; *Caira v. Offner*, 126 Cal. App. 4th 12, 27-28 (2005) [same].  Federal courts in the Ninth Circuit have followed this rule. *Lombardo Turquoise Mill. & Min. Co. v. Hemanes*, 430 F. Supp. 429, 432–33 (D. Nev. 1977); *United States v. Standard Oil Co. of California,* 20 F. Supp. 427, 435 (S.D. Cal. 1937) [citing Supreme Court authority]

Cases cited by the Trustee on this issue are not helpful to him.  In *South Shore Land Co. v. Petersen*, 226 Cal. App. 2d 725, 739 (1964), the plaintiff sought to quiet title but he did <u>not</u> seek possession because he already had been in possession for 20 years   *Id.* at 731.  The defendant, however, was not in possession, and he filed cross-claims for quiet title, ejectment and damages.  *Id.* The trial court entered a judgment in favor of plaintiff on its quiet title claim.  *Id.* at 732.  The court did <u>not</u> hold that a plaintiff may obtain a judgment for possession, if

7

he or she <u>only</u> seeks to quiet title. In *Medeiros v. Medeiros*, 177 Cal. App. 2d 69, 73 (1960), the Court noted that the complaint sufficiently raised the issue of possession: "Here the complaint alleged in part an estate in the plaintiff and possession in the defendant and a wrongful withholding. The action had the essential characteristics of the old legal action of ejectment." *Id.* at 73.  The *Medeiros* Court also did <u>not</u> hold, as the Trustee has suggested, that a plaintiff may obtain a judgment for possession, if he or she <u>only</u> seeks to quiet title.  Both remedies must be requested.

The Trustee cited the unpublished decision in *Ortega v. Drocco,* 2012 WL 1862323, at *4 (Cal. Ct. App. May 22, 2012), which identified the elements of an ejectment claim, and then held: "The validity of the plaintiff's property interest is ordinarily inferred from the plaintiff's ownership. If the defendant's withholding of possession 'rests upon any existing right, he should be compelled to show it affirmatively, in defense.'" *Id.* Thus, in addition to alleging a quiet title claim, the plaintiff must at least allege an ejectment claim in order to obtain possession. Moreover, in *Ortega*, a quiet title claim was unnecessary because the plaintiffs already held title, while the defendant was acquiring the property over time under a land sale contract. *Ortega v. Drocco,* 2012 WL 1862323, at *1.  Thus, *Ortega* stands for the proposition that, when a plaintiff holds title and <u>affirmatively seeks possession</u> by its complaint, the defendant should be compelled to show his right to possession in defense, which is fairly obvious.  *Ortega* clearly does <u>not</u> stand for the proposition that it is sufficient for a plaintiff to allege its "property interest" in a quiet title claim and that the defendant then must affirmatively show its right to possession by way of defense, as if to shift the burden to the defendant to deny a claim for possession <u>that has not even been alleged</u>, as the Trustee has suggested. In *Ortega*, the issue was possession, not title.

The 1860 decision in *Payne* also is not helpful to the Trustee.  The plaintiff in *Payne* merely <u>sought possession</u>, as stated in the first sentence of the opinion: "This

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

was suit to recover a lot in San Francisco, the plaintiff deraigning title through a grant made by an Alcalde after the conquest or possession by the authorities of the United States." *Payne & Dewey v. Treadwell*, 16 Cal. 220, 225 (1860). The plaintiff did not seek to quiet title because he already held title. *Id*. at 231. Thus, *Payne* also does not stand for the proposition that it is sufficient for a plaintiff to allege its "property interest" in a quiet title claim and that the defendant then must affirmatively show its right to possession, as if to shift the burden to the defendant to deny a claim for possession <u>that has not even been alleged</u>, which the Trustee as suggested. In *Payne*, possession was the issue before the Court, not title.

The Trustee also quoted *Duckett v. Adolph Wexler Bldg. & Fin. Corp.*, 2 Cal. 2d 263, 265, 40 P.2d 506 (1935), which in turn cited *Keele v. Clouser*, 92 Cal. App. 526, 530 (1928), as follows: "The court found the defendant to be the owner of the property in controversy. It follows, therefore, as one of the incidents to ownership that defendant is entitled to the possession of said property." *Duckett* also does not stand for the proposition that it is sufficient for a plaintiff to allege its "property interest" in a quiet title claim and that the defendant then must affirmatively show its right to possession by way of defense. In *Duckett*, the plaintiff sued for quiet title, the defendant contended that he had good title and that he was entitled to possession, and the Court awarded the defendant title and possession. *Duckett*, 2 Cal.2d at 264. Thus, *Duckett* also stands for the proposition that a plaintiff (or in *Duckett*, the defendant) must seek to quiet title <u>and</u> also seek possession in order to be awarded possession.

In analogous contexts, federal courts have recognized that quiet title and possession claims are distinct, although they are related. For example, federal and state courts in California have held that a judgment for possession of real property by a party precludes a separate lawsuit to quiet title to the same property by an adverse party. *Green v. Cent. Mortg. Co.,* 148 F. Supp. 3d 852, 867 (N.D. Cal. 2015) ["a prior unlawful detainer action -- which is a 'summary proceeding

9

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

ordinarily limited to resolution of the question of possession' --bars subsequent claims challenging the trustee's sale and the validity of the title…."]; *Castle v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 3626560, at *8 (C.D. Cal. Aug. 16, 2011) [holding that possession pursuant to a default judgment in an unlawful detainer action barred a complaint alleging wrongful foreclosure, wrongful eviction, quiet title, and unfair business practices as they were predicated on the same factual allegations.]; *Vella v. Hudgins*, 20 Cal. 3d 251, 256 (1977) ["Applying the traditional rule that a judgment rendered by a court of competent jurisdiction is conclusive as to any issues necessarily determined in that action, the courts have held that subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment."]

In short, there is no support for the Trustee's legal theory that an ejectment claim or a claim for possession is impliedly or necessarily stated and resolved by a quiet title claim, yet the Bankruptcy Court incorrectly adopted that theory in its recommended FF&CL and Judgment

Thus, the Trustee has no entitlement to findings and conclusions or a judgment regarding possession of the Rexford Home.  **Paragraph 46** of the proposed FF&CL incorrectly states that the Trustee was not "required to plead a… claim for ejectment in order to obtain possession of the Rexford Home." **Paragraph 47** also is incorrect in stating: "Judgment on the Quiet Title Claim entitles the Trustee to the issuance of a writ of possession or other available remedy to obtain possession of the Rexford Home."  And **paragraph 5** of the proposed judgment is incorrect in awarding the Trustee possession.

### c.   The Trustee's Other Arguments Do Not Support the Proposed FF&CL and Judgment for Possession

The Trustee argued that Elkwood would be required to turn over possession given the quiet title ruling, so it did not matter that he did not request it by an ejectment claim.  That argument, however, ignored the well-established doctrine of

10

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

claims-splitting and that a claim for possession would be barred under the res judicata doctrine by a judgment on the quiet title claim, given that possession was not requested by the Trustee, as noted in footnote 2 above.

The Trustee further argued that no new facts needed to be shown to establish an ejectment claim, so it was immaterial that a claim for possession had not been alleged by the Trustee or the Abselets.  That argument is echoed by **paragraph 48** of the proposed FF&CL, which states: "Elkwood has not alleged any facts or advanced any legal argument that would entitle it to remain in possession of the Rexford Home upon entry of a judgment on the Quiet Title Claim in favor of the Trustee."  The Trustee's concept of procedure is patently backwards.

Elkwood was not and is not required to show facts or legal arguments that the Trustee is not entitled to possession that he had not even sought by his TAC.  The cases cited by the Trustee show that Elkwood had no such obligation.  Instead, the Trustee first is required to allege a claim for possession before Elkwood has any obligation to show otherwise.  That claim was not alleged.

**B.    Judgment Also Should Not Be Entered Because There Are Other Claims That Remain to be Determined**

As explained in their objection to the proposed FF&CL and Judgment that was filed with the Bankruptcy Court, it would be improper to enter judgment at this time due to other unresolved claims.  [App., 891:9-26]  There only should be one judgment in a lawsuit.  It is inconceivable that a Court would enter a final judgment without resolving unresolved claims and defenses, which then would bar such unresolved claims and defenses, yet that is what the Bankruptcy Court has impliedly recommended, without explaining why.[3]

_____

[3] If this Court expressly specifies that the proposed FF&CL and "Judgment" are interlocutory and not final, and that the unresolved claims and defenses remain to be determined, that at least would address the incomplete nature of the proposed FF&CL and Judgment and avoid possible piecemeal appeals, but the Bankruptcy Court did not recommend the proposed FF&CL and Judgment in that manner.  As such, unless those limitations are expressly stated by this Court, the proposed FF&CL and Judgment should not be entered.

11

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

Elkwood and Fieldbrook's second counterclaim is for reformation. [App., 112:1-114:155] The Abselets' first counterclaim is for declaratory relief. [App., 565:1-28]

The proposed FF&CL is silent on Elkwood and Fieldbrook's second counterclaim for reformation. [Docket no. 2] It contains no proposed direct ruling on that counterclaim.

As to the Abselets' first counterclaim for declaratory relief, the Court recommended a "*sua sponte*" summary judgment on that claim – without the Elkwood Defendants' consent – by inserting the following language in that regard in **paragraph 43** of the proposed FF&CL:

> In light of entry of judgment on the Trustee's First Claim for Relief for Quiet Title, the Abselets First Claim for Relief for Declaratory Relief should be dismissed as moot, and the Abselets do not object to such dismissal.

There is a proper procedure to address the undecided counterclaims. The Trustee could seek summary judgment on those claims on grounds that the merits of those claims were impliedly determined by the Court's summary judgment ruling on the Trustee's quiet title claim. The Trustee has asked what new arguments would be made by Elkwood and Fieldbrook, but that question has applicable procedure backwards. The Trustee is required to formally seek summary judgment on the Abselets' declaratory relief claim and Elkwood and Fieldbrook's reformation counterclaim, at which point Elkwood and Fieldbrook would be entitled to make any arguments available to them.

In an action involving multiple claims, a separate judgment on a claim is possible under Fed.R.Civ.P. 54(b). Paragraphs 41-44 of the proposed FF&CL only contain Rule 54(b) findings as to the Reimbursement Claim. No such findings were requested by the Trustee or recommended by the Bankruptcy Court as to Elkwood and Fieldbrook's reformation claim or the Abselets' declaratory relief claim. As to

12

those claims, the recommended FF&CL certainly did not "expressly determine[] that there is no just reason for delay," which is required under Rule 54(b) for a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties."  Nor did the Bankruptcy Court make the required threshold determination that in awarding summary judgment on the Trustee's quiet title claim that it had "rendered a 'final judgment,' that is, a judgment that is ' " an ultimate disposition of an individual claim entered in the course of a multiple claims action." ' "  *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980)).

Nor would a *sua sponte* Rule 54(b) two-step determination by this Court on such an unrequested, unbriefed form of relief be appropriate, given the interrelationship between the Trustee's quiet title claim and the claims that remain to be determined.[4]  Wright & Miller, 10 *Fed. Prac. & Proc. Civ.* § 2654 (4th ed.) (emphasis added) ["[A]n appeal following a Rule 54(b) order is the exception rather than the rule and the limitations on its availability mean that there is relatively little chance that the appellate court will be forced to consider the same issues on successive appeals. Indeed, if the claims in an action are closely related and there is a risk of repetitive appeals, the district court may decide that this is a reason for delaying review and refuse to make the determination required by Rule 54(b)."]

**C.** **Judgment Should Not Be Entered Because Elkwood's Reimbursement Defense Has Not Yet Been Determined**

**1.** **This Issue Was Raised In The Objection Before the Bankruptcy Court**

Elkwood's right to be reimbursed for monies spent on the Rexford Home was an issue in the Adversary Proceeding.  Before the Bankruptcy Court, this was referred to as the "Redemption Price" issue, and it is more accurately referred to

---

[4] If the Court is to consider such unrequested relief, without any recommendation in that regard from the Bankruptcy Court, the Elkwood Parties request an opportunity to fully brief the propriety of such relief.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

herein as the "Reimbursement Issue."  As explained above, the issue was raised in response to the Trustee's summary judgment motion.  [App., 195:5-196:16; 200:4-22; 261-487] At first, the Bankruptcy Court mistakenly held that Elkwood and Fieldbrook had failed to present any evidence.  [App., 619:8-17]  When that error was pointed out by Elkwood and Fieldbrook, and they explained that they had presented evidence that the Trustee had ignored [App., 631:13-28; 667:11-670:6; 674:6-676:10], the Bankruptcy Court side-stepped the issue by holding that it could proceed with recommending entry of judgment on the Trustee's quiet title claim by requiring that the right to reimbursement to be pursued through the "claims objection" process.   [App., 759:2-761:12]

The Elkwood Parties' opposition that was filed with the Bankruptcy Court to the proposed FF&CL and Judgment explained that they should not be recommended because the "redemption price" issue had not yet been determined:

> [T]he Court has determined that the "redemption price" need not be
> paid as a condition to granting the Trustee's quiet title claim.  [See
> docket no. 216, April 30, 2019 supplemental memorandum, at 2-4,
> distinguishing *Sys. Inv. Corp. v. Union Bank*, 21 Cal. App. 3d 137
> (1971), as "quite old," even though it has been favorably cited many
> times, and as dealing with a foreclosure that was "voidable and not
> "void," even though the foreclosure sale actually was declared "void"
> by the trial court because the sale occurred in the absence of a default
> by the borrower: "the court concluded that the declaration of default,
> the notice of breach and election to sell under the deed of trustee, and
> the trustee's sale were void and were of no force and effect." *Id.* at
> 158.]  There has been no argument by the parties or analysis by the
> Court yet (because the Trustee has not alleged an ejectment claim for
> possession) on whether the payment of the "redemption price" should
> be a condition to awarding the Trustee possession of the Rexford

Home.  In the *System Investment* decision, the Court held that the foreclosing bank was in "wrongful possession" of the property, but still required the borrower to pay a "redemption price" as a condition to (1) setting aside the foreclosure sale, and (2) the borrower taking possession.

[App., 888:2-16]

### 2.    Applicable Case Law

The right to reimbursement is not an affirmative defense.  Instead, reimbursement should be paid to return the parties to the status quo *ante*.  *Sys. Inv. Corp. v. Union Bank,* 21 Cal. App. 3d 137, 147 (1971).

The Bankruptcy Court's April 30, 2019 Supplemental Memorandum distinguished the *System Investment* decision as "quite old," and it reasoned that "[t]his is relevant because the fine distinctions between a void and voidable foreclosure for purposes of tender had not yet been spelled out clearly in the case law, so the case does not use the same terminology that more recent cases have adopted."  [App., 760:2-5]  It distinguished the *System Investment* decision as follows:

It appears that the *System Investment* court was determining the "redemption price" for purposes of tender <u>because the foreclosure in that case was voidable and not void</u>, as is the case here. Tender is not required where the foreclosure is void, rather than voidable.  *Lona*, 202 Cal. App. 4th at 113.

[*Id.* at 760:18-22, emphasis added]

The Elkwood Defendants respectfully disagree.  *System Investment* involved a claim to set aside a trustee's sale.  *System Investment*, 21 Cal. App. 3d at 142. The Court "set aside the trustee's sale upon certain conditions for redemption of the property (including tender of redemption price of $1,123,494.14)." *Id.*  Elkwood similarly is entitled to be reimbursed for its Rexford-related expenses as a condition

15

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

to quieting title in the Trustee's name.  The facts in *System Investment* were complicated, but they included the facts (1) the builders/borrowers on a construction project "were lulled into a sense of security and reasonably inferred that the bank would not declare a default without giving prior notice and an opportunity to cure the same," *id.* at 147; (2) "in reliance upon said conduct," they "expended their funds on the project in a total amount exceeding $123,000," *id.*; (3) one of them "devoted a substantial amount of his time in completing the building," *id.*; (4) the bank ceased paying construction vouchers "without warning or prior notification, and without explanation," *id.*; (5) significantly, "the bank executed a Declaration of Default and a Notice of Breach and Election to Sell Under Deed of Trust; and it did not serve a copy of either of those documents" on the builders/borrowers, *id.* at 148; (6) "[i]n the notice it was stated that the 'breach' was that 'the payment that was due on July 14, 1966, is unpaid,'" *id.*; and (7) an officer of a borrower (System) "made a written request to the bank that it advise System of the total amount claimed by the bank to be 'delinquent and in default' under the deed of trust; and the bank did not reply to the request."  *Id.*

On appeal, the Court in *System Investment* explained that the trial court had expressly held that the sale was <u>void</u> (contrary to the Bankruptcy Court's reading) because the lender was not entitled to conduct the sale in the first place and because the lender also violated statutory requirements applicable to the sale:

> <u>The notice of election to sell under the deed of trust, the trustee's sale,</u>
> <u>and the trustee's deed upon sale should be declared **void** and should be</u>
> <u>set aside upon condition that plaintiffs do equity and tender</u>
> <u>$1,123,494.14 to defendant Union Bank on or before September 15,</u>
> <u>1969</u>. By conduct of its representatives and by Stewart's justifiable reliance thereon to his detriment, Union Bank is estopped from asserting any default or breach of contract on the part of System or Stewart …. As of August 23, 1966, and at all times prior thereto,

16

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1    Union Bank by its conduct and failure to give notice to Stewart or

2    System of any default or breach of contract under the aforementioned

3    agreements waived any right it might otherwise have had to declare a

4    default or to cease performance of its obligations under the

5    agreements. The possession of the property by Union Bank and its

6    successors has at all times since August 1, 1966, been, and now is,

7    wrongful. Union Bank materially breached the building loan

8    agreement and the modification agreement when it refused to pay

9    vouchers signed by Stewart and when it took possession of the

10   property to the exclusion of Stewart and System. Under the provisions

11   of section 2924 of the Civil Code, Union Bank was required to set

12   forth the nature of the breach in its notice of default before exercising

13   the power of sale under the deed of trust; and the bank failed to

14   substantially comply with the requirements of said code section.

15   System and Stewart were not in default as of August 23, 1966, or at

16   any time, for failure to pay the interest payment due July 14, 1966….

17   *System Investment*, 21 Cal. App. 3d at 150–52 (emphasis added).

18       The 1971 *System Investment* decision has been favorably cited many times

19   and it is still good law because foreclosure sales are "void" (and not merely

20   "voidable") when the lender is not entitled to conduct the sale in the first place.

21   See, *e.g.*, *Bank of America v. La Jolla Group II*, 129 Cal.App.4th 706, 717 (2004)

22   [Tender and acceptance of payment deprives the beneficiary of the contractual

23   power to foreclose, rendering the sale void and supporting notice of rescission

24   without a judgment.]; *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440 (2003)

25   [Payment in full deprives the beneficiary of the contractual power to foreclose,

26   rendering the sale void.]  In fact, in *Lona v. Citibank, N.A.,* 202 Cal. App. 4th 89,

27   105 (2011), which the Bankruptcy Court cited in its April 30, 2019 Supplemental

28   Memorandum in distinguishing *System Investment*, the *Lona* Court favorably cited

17

*System Investment* as stating grounds to set aside a foreclosure sale in the following circumstances: "the trustor was not in default, no breach had occurred, or the lender had waived the breach (*System Inv. Corp. v. Union Bank* (1971) 21 Cal.App.3d 137, 154, 98 Cal.Rptr. 735 (*System* ) [borrower was not in default because it was excused from performance by lender's prior breach of contract; bank waived amount allegedly due]…." Indeed, that theory is the foundation of the Trustee's First Claim to quiet title, given that he asserts that Elkwood was not entitled to conduct the Rexford Foreclosure Sale in the first place due Elkwood not holding the Rexford Deed of Trust that had been assigned with the related note pursuant to the Fieldbrook Assignment, thereby rendering that Sale "void."

As noted above, in *System Investment*, the notice of default was <u>not</u> served on the builders/borrowers and the notice did <u>not</u> set forth the nature of the breach, in violation of the foreclosure statutes. The statutory violations in *System Investment* rendered the sale "void" in that case, as stated by that Court. Many cases have read *System Investment* decision that way. See, e.g., *In re Houghton,* 123 B.R. 869, 875 (Bankr. C.D. Cal. 1991); *Little v. CFS Serv. Corp.,* 188 Cal. App. 3d 1354, 1358 (1987); *Knapp v. Doherty,* 123 Cal. App. 4th 76, 93 n.9 (2004); *Miller v. Cote*, 127 Cal. App. 3d 888, 894 (1982). In *Little*, for example, the notice of sale was <u>not</u> sent to the borrower, a junior lienholder and a judgment creditor, also in violation of the foreclosure statutes *Little*, 188 Cal. App. 3d at 1357.

In short, there were two independent reasons why the sale in *System Investment* was "void" and not merely "voidable," as the Bankruptcy Court held in attempting to distinguish and limit that decision: (1) the lender was not entitled to conduct the sale, and (2) the lender violated statutory requirements. Under the "tender rule," <u>tender</u> of the amount due a lender may not be required to commence an action to set aside a void sale (as the Bankruptcy Court noted), but that does not contradict the fact that equity requires a "<u>redemption price</u>" to be paid to set aside a void sale, according to the *System Investment* Court.

18

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

Thus, the Elkwood Defendants respectfully disagree with the Bankruptcy Court's interpretation of *System Investment*. That decision remains good law. It is consistent with subsequent California case law. It stands for the proposition that the "redemption price" <u>must</u> be paid as a condition to a judgment that determines a foreclosure sale to be void and that returns the property to the prior owner. No case law states to the contrary in California.

### 3.     The Elkwood Defendants Clearly Raised This Issue

The sixth affirmative defense in the Elkwood Defendants' answer to the Trustee's TAC raised the Reimbursement Issue as follows:

> The Elkwood Defendants spent significant monies in connection with the Rexford and Chalette Home…. In the event plaintiff is granted any relief based upon his Complaint in this action, the Elkwood Defendants are entitled to a first priority lien on the Rexford Home for any monies spent in connection with the Rexford Home (if the Rexford Foreclosure Sale is avoided)….

[App., 45:17-28]

The Elkwood Defendants also raised the same issue in their sixth affirmative defense to the Abselets' First Amended Counterclaim. [App., 747:26-748:18]

The Elkwood Defendants' opposition to the Trustee's motion also raised the issue of the Reimbursement Issue. [App., 195:5-196:16; 200:4-22; 261-487] Jack Nourafshan's declaration and extensive documentary evidence were submitted to demonstrate the amounts advanced by Elkwood in connection with the Rexford Home. [*Id.*] Exhibit J to Mr. Nourafshan's declaration was an eight-page summary of expenses relating to the Rexford Home. [*Id.*, 262-269] Exhibit K to his declaration was an authenticated copy of supporting documents, which included invoices, checks and bank statements. [*Id.*, 270-487] Mr. Nourafshan calculated interest on the sum of $782,508.05 that Elkwood had credit bid at the sale, and he summarized the property-related expenses. [*Id.*, at 200:4-22] As of August 23,

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

2018, the "redemption price" totaled $2,178,421.64, plus interest on the payments to Chase on its first trust deed and the other house-related expenses at the legal rate of 10% per annum until the redemption price is paid in full.

Supporting reply briefs were filed by the Trustee and the Elkwood Defendants on September 4, 2018.  [App., 927-928 (dkt nos. 131, 132 and 134)] They did not contradict the extensive evidence submitted by the Elkwood Defendants in support of the "redemption price," nor did they contradict the case law cited by the Elkwood Defendants.  [App., 520-526] The Trustee also did not object to Mr. Nourafshan's declaration.  Instead, the Trustee's <u>entire</u> argument on the redemption price issue was as follows:

> The parties have not brief [sic] and there is no evidence to support whether and to what extent Defendants are entitled to any repayment on account of any cash they used to pay Massoud's obligation under the first lien debt against the Rexford Home. Trustee's claim is not a fraudulent transfer and Defendants are not entitled to a claim under section 502(h) of the Bankruptcy Code if the Court quiets title of the Rexford Property in the name of Massoud's estate. In addition, it is not clear on the record before the Court whether the PWB Note was entirely extinguished as a result of the foreclosure of the Chalette Home. To the extent Defendants are entitled to anything, the Court will have to consider and determine their claims after the parties have fully brief the issues.

[App., 525:23-526:2]

The Trustee's statement was incorrect. The Trustee failed to brief the issue in his summary judgment motion, but the Elkwood Defendants actually had briefed the issue in their opposition to that motion and had offered extensive evidence, which the Trustee ignored.

On January 25, 2019, the Court entered its Memorandum re Cross-Motions

20

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

for Summary Judgment.  [App., 591-620]  As to the "redemption price" issue, the Court (incorrectly) stated that "[t]he issue of redemption costs was raised in the Elkwood Defendants' reply brief and no evidence has been provided" and that "[t]his issue may be raised in a subsequent motion…"  [*Id.*, 619:8-17]

The parties submitted competing orders on the Court's summary judgment ruling and objections to each other's orders.  [App., 621-725]  In their objections, the Elkwood Defendants pointed out that the Reimbursement Issue had not been resolved yet.  [App., 631:14-27; 674:9-676:10]

On April 30, 2019, the Court entered an "Order Granting Partial Summary Judgment on Plaintiff's First Claim to Quiet Title to the Real Property Located at 910 Rexford Drive, Beverly Hills, CA in the Name of the Chapter 11 Trustee as the Representative of the Bankruptcy Estate of Massoud Aaron Yashouafar" (the "Order for Partial Summary Judgment")  [App., 767-768] and its "Supplemental Memorandum re Cross-Motions for Summary Judgment" (the "Supplemental Memorandum")  [*id.*, 758-765].  The Court did not determine the Reimbursement Issue, but instead deferred ruling, as follows:

> Elkwood is incorrect in arguing that a determination of a "redemption price" is a necessary requirement of Trustee's quiet title action. The proper proceeding for a determination of that issue is an amended proof of claim and claims objection motion.
>
> [App., 765:2-4]

The parties had not argued or briefed the issue of whether the Court should decline to rule on the "redemption price" issue and instead require the issue to be resolved in the claims objection procedure.  As such, the Court's *sua sponte* ruling at the end of its April 30, 2019 Supplemental Memorandum came as a surprise.

On May 14, 2019, the Elkwood Parties filed a "Motion for Clarification or Amendment of Order Granting Partial Summary Judgment [Docket No. 217] and Supplemental Memorandum [Docket No. 216]" (the "Clarification Motion") [App.,

770-809] by which they sought an order <u>clarifying</u> that the issue of the "redemption price" to be paid to Elkwood by the Trustee would be litigated in the Adversary Proceeding, rather than through the claims objection procedure, or <u>modifying</u> the April 30, 2019 Order and Supplemental Memorandum to the extent they could be read otherwise.

The Bankruptcy Court's continued the hearing on the Clarification Motion. Ultimately, the Court denied it, which meant that Elkwood is required to file a proof of claim asserting their right to reimbursement, and that its claim will be determined at some later time.  [App., 863-865]

### 4.     The FF&CL and Judgment Should Not Be Entered Because They Do Not Address the Reimbursement Issue

The Bankruptcy Court's ruling was legally incorrect.  The Reimbursement Issue had been raised and briefed in the Adversary Proceeding, but the Trustee had failed to respond.  It was ripe for determination and it should have been determined, but the Court refused to do so – thereby inexplicably giving the Trustee another opportunity to argue the Reimbursement Issue when he had failed to do so in support of his summary judgment motion.  The Bankruptcy Court and the Trustee cited no authority for the Court's refusal to decide the Reimbursement Issue.

Because the Reimbursement Issue necessarily arises out of the Trustee's First Claim to quiet title, it <u>should</u> be determined in the Adversary Proceeding, especially given that it has been briefed and discovery has been conducted on it.  Absent an express determination under Rule 54(b), a Court cannot simply excise an issue from a lawsuit and refuse to determine it.  "[A]s a court of the United States we are obligated to hear and decide those issues over which we have jurisdiction. (Citation)."  *Midkiff v. Tom*, 702 F.2d 788, 799 (9th Cir. 1983) (dissent), rev'd sub nom. *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 104 S. Ct. 2321, 81 L. Ed. 2d 186 (1984).  "[A] court with jurisdiction over a case has not only the right but also the duty to exercise that jurisdiction."  20 Am. Jur. 2d Courts § 59.

22

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

The Elkwood Defendants' right to payment of the "redemption price" arises from the Court's determination that title to the Rexford Home should be quieted in the name of the Trustee as the representative of Massoud's estate.  But for the Court's April 30, 2019 Order for Partial Summary Judgment, there would be no right to the "redemption price."

Even if there is legal authority for relegating the Reimbursement Issue to the claims objection process, it only would be a partial solution because much of the redemption price is for monies spent after the August 3, 2016 involuntary petition date and after the order for relief was entered in Massoud's case on September 20, 2016.  [App., 6:3-9]  The breakdown of the redemption price was provided in the Elkwood Parties' opposition to the Trustee's summary judgment motion and in Mr. Nourafshan's supporting declaration.  [App., 262-269]  The post-petition claim would not be subject to filing of a proof of claim and the claims objection process. Payment of a post-petition claims may be sought through filing a request for payment of administrative expense and a motion to compel payment, but the Elkwood Defendants are not and were not required to seek payment in that manner. Instead, they did so by asserting the right to reimbursement in the Adversary Proceeding.  That procedure was legally permissible.[5]  The Trustee does not dispute that.  Given that the Reimbursement Issue was properly part of the Adversary Proceeding, the Elkwood Defendants were entitled to have it determined in the Adversary Proceeding.

The Court's ruling did not "avoid" a transfer of the Rexford Home.  Instead, it determined the transfer to be "void" based upon the Court's interpretation of the

---

[5] 11 U.S.C. § 323(a) states: "The trustee in a case under this title has capacity to sue and be sued."  That covers Elkwood seeking reimbursement of Rexford-related expenses in connection with the Trustee's First Claim. The *Barton* doctrine does not preclude such relief, given that it is being requested in an adversary proceeding commenced by the Trustee, rather than in a non-bankruptcy forum. *In re Crown Vantage, Inc.,* 421 F.3d 963, 970 (9th Cir. 2005); *In re World Mktg. Chicago, LLC,* 584 B.R. 737, 746 (Bankr. N.D. Ill. 2018) [holding that a counterclaim may be filed against a trustee in an adversary proceeding in bankruptcy court without obtaining prior permission from the court.]

language of the "Fieldbrook Assignment."  In prevailing on his quiet title claim, the Trustee did not recover the Rexford Home pursuant to 11 U.S.C. §§ 522, 550, or 553.  Thus, the provisions of 11 U.S.C. 502(h) are inapplicable.  That section states:

> A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

That means that the "claims objection" process actually is not the procedure to be followed as a result of the Court's ruling on the Trustee's quiet title claim.

## III.  <u>CONCLUSION</u>

Based upon the foregoing, the Elkwood Defendants respectfully request that the Court decline to enter the Judgment and FF&CL that were recommended by the Bankruptcy Court.

DATED: February 24, 2020      **HILL, FARRER & BURRILL LLP**


By: /s/ Daniel J. McCarthy
DANIEL J. McCARTHY
Attorneys for Defendants, Counterclaimants,
Cross-Complainants and Counterdefendants
ELKWOOD ASSOCIATES, LLC, and
FIELDBROOK, INC., and Counterdefendants
RELIABLE PROPERTIES and JACK
NOURAFSHAN

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1

**PROOF OF SERVICE**

2

I, Sonia Padilla, declare:

3

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is Hill, Farrer & Burrill LLP, One California Plaza, 37th Floor, 300 South Grand Avenue, Los Angeles, California  90071-3147.  On February 24, 2020, I served the within documents:

4

5

6

**OBJECTION TO RECOMMENDED JUDGMENT AND FINDINGS OF FACT AND CONCLUSIONS OF LAW**

7

8

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

9

10

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

11

12

☐   by causing personal delivery by Delivery Service of the document(s) listed above to the person(s) at the address(es) set forth below.

13

14

☐   by placing the document(s) listed above in a sealed Delivery Service envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery.

15

16

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

17

18

*See Attached Service List*

19

20

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

21

22

23

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25

Executed on February 24, 2020, at Los Angeles, California.

26

/s/ Sonia Padilla_____
Sonia Padilla

27

28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**Parties Who Have Not Appeared**
**(Served per L.R. 5-3.2.1)**

**Attorneys for Soda Partners, LLC**
Ronald N. Richards
P.O. Box 11480
Beverly Hills, California 90213

**Attorneys for DMARC 2007-CD5 GARDEN STREET**
Timothy Carl Aires
Aires Law Firm
6 Hughes, Suite 205
Irvine, CA 92618

**Attorneys for Citivest**
**Financial Services, Inc.**
Scott Wyman, Esq.
P.O. Box 50053
Studio City, CA 91614

**Attorneys for**
**Quality Loan Service Corporation and**
**Chase Manhattan Mortgage Company**
Merdaud Jafarnia
McCarthy & Holthus LLP
1770 Fourth Avenue
San Diego, CA 92101

**Attorneys for Fereydoun Dayani**
Behrouz Shafie
Law Offices Behrouz Shafie
and Associates
1575 Westwood Boulevard Suite 200
Los Angeles, CA 90024

**Registered Agent for State Street Bank and Trust Company**
CT Corporation System
155 Federal Street, Ste. 700
Boston, MA 02110

State Street Bank and Trust Company
Attn: Director or Officer
1 Lincoln Street
Boston, MA 02111

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147